# IN THE UNITED STATES DISTRICT COURT
# FOR TH EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| BRIAN ALADINO GONZALEZ GUZMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAMSUNG ELECTRONICS AMERICA, INC., ) <br> and SAMSUNG SDI AMERICA, INC., ) <br> ) <br> Defendants. | Case No. 4:22-cv-4 <br><br> **(JURY TRIAL DEMAND)** |

## COMPLAINT

Plaintiff, Brian Aladino Gonzalez Guzman, by and through his undersigned counsel, hereby sues Defendants Samsung Electronics America, Inc. and Samsung SDI America, Inc., and states as follows:

## PARTIES

1. The Plaintiff, Brian Aladino Gonzalez Guzman, is a North Carolina resident.

2. The Defendant, Samsung Electronics America, Inc., is a foreign corporation with a North Carolina registered office and mailing address at 160 Mine Lake Court, Suite 200, Raleigh, North Carolina.

3. The Defendant, Samsung SDI America, Inc., is a foreign corporation with its principal office located at 3655 N. 1st Street, San Jose, California, and its mailing address located at 4121 North Atlantic Boulevard, Auburn Hills, Michigan.

## JURISDICTION

4. This Court has jurisdiction over the parties pursuant to 28 USC § 1332 (1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5. Pursuant to N.C. Gen. Stat. § 1-75.4(1), this Court has personal jurisdiction over Defendant Samsung Electronics America, Inc., because it is engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise.

6. Pursuant to N.C. Gen. Stat. § 1-75.4(3), this Court has personal jurisdiction over Defendant Samsung Electronics America, Inc., because Plaintiff's injury arises out of an act or omission within this State by the Defendant.

7. Pursuant to N.C. Gen. Stat. § 1-75.4(4), this Court has personal jurisdiction over Defendant Samsung Electronics America, Inc., because Plaintiff's injury in this State arises out of an act or omission outside this State by Defendant and at or about the time of Plaintiff's injury (a) solicitation or services activities were carried on within this State by or on behalf of the Defendant or (b) products, materials, or things processed, serviced, or manufactured by the Defendant were used or consumed within this State in the ordinary course of trade.

8. Pursuant to N.C. Gen. Stat. § 1-75.4(1), this Court has personal jurisdiction over Defendant Samsung SDI America, Inc., because it is engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise.

9. Pursuant to N.C. Gen. Stat. § 1-75.4(3), this Court has personal jurisdiction over Defendant Samsung SDI America, Inc., because Plaintiff's injury arises out of an act or omission within this State by the Defendant.

10. Pursuant to N.C. Gen. Stat. § 1-75.4(4), this Court has personal jurisdiction over Defendant Samsung SDI America, Inc., because Plaintiff's injury in this State arises out of an act or omission outside this State by Defendant and at or about the time of

Plaintiff's injury (a) solicitation or services activities were carried on within this State by or on behalf of the Defendant or (b) products, materials, or things processed, serviced, or manufactured by the Defendant were used or consumed within this State in the ordinary course of trade.

## VENUE

11. Pursuant to 28 USC § 1391 (2), venue is proper in this judicial district because a substantial part of the events or omissions occurred in Raleigh, North Carolina.

## FACT ALLEGATIONS

12. On or about December 1, 2018, the Plaintiff purchased a new Samsung Galaxy S9+ cell phone.

13. The Plaintiff's Samsung Galaxy S9+ cell phone's model number is G965U.

14. The Plaintiff's Samsung Galaxy S9+ cell phone incorporated a 3500mAh lithium-ion battery, model number EB-BG965ABA, with a nominal voltage at 3.85V, a maximum voltage of 4.4V, and a power rating of 13.48Wh.

15. Defendant Samsung Electronics America, Inc., designed, manufactured, assembled, sold, and or supplied the Plaintiff's cell phone.

16. Defendant Samsung SDI America, Inc., designed, manufactured, assembled, sold, imported, and or supplied the Plaintiff's cell phone battery.

17. Lithium-ion batteries possess the highest energy density amongst rechargeable batteries enabling light and small portable devices.

18. A cathode is part of a Lithium-ion battery and acts as its positive electrode.

19. Among commercialized cathode materials, lithium cobalt oxide ("LCO") is successful for portable devices; for example, it is used in the majority of smart phones.

20. A LCO cathode was used in the Plaintiff's Samsung Galaxy S9+ cell phone's lithium-ion battery.

21. LCO cathodes are structurally unstable at potentials higher than 4.35V.

22. The Samsung Galaxy S9+ cell phone and its lithium-ion battery have a maximum voltage of 4.4V.

23. The high working voltage of the Samsung Galaxy S9+ and its lithium-ion battery narrows the process window in the battery manufacturing process.

24. Process deviation in manufacturing the Samsung Galaxy S9+'s lithium-ion battery due to the maximum 4.4V incorporated in the Samsung Galaxy S9+'s design causes early battery failure during normal usage.

25. On or about the morning of April 9, 2019, in Raleigh, North Carolina, Plaintiff had his cell phone in his tight-fitting front pants pocket.

26. At or about that time, the Plaintiff did not have his cell phone in a case.

27. At or about that time, the Plaintiff was crouching while working as a laborer.

28. At or about that time, the Plaintiff's cell phone's battery began to heat up and it exploded.

29. Prior to the explosion, the Plaintiff did not alter, damage, or modify his cell phone, including its battery, and put it to normal use.

30. Prior to the explosion, the Plaintiff did not use a third-party battery charging device.

31. A direct and or proximate cause of the cell phone explosion was the 4.4V design of the Samsung Galaxy S9+ and or its lithium-ion battery and or a process deviation in the lithium-ion battery's manufacture.

32. As a direct and or proximate cause of the cell phone explosion, the Plaintiff suffered and continues to suffer catastrophic, permanent, and severe injuries, including, but not limited to a 13-day hospitalization, disfigurement, second degree burns, third degree burns, scarring, surgery, and emotional trauma.

COUNT I

BREACH OF IMPLIED WARRANTY OF MERCHANTABILY

SAMSUNG ELECTRONICS AMERICA, INC.

33. Paragraphs 1 through 32 of this Complaint are incorporated herein.

34. Defendant Samsung Electronics America, Inc. advertises, assembles, designs, distributes, inspects, instructs, manufactures, promotes, provides warnings, sells, supplies, and or tests, its Samsung Galaxy S9+ in North Carolina.

35. Defendant Samsung Electronics America, Inc. advertised, assembled, designed, distributed, inspected, instructed, manufactured, promoted, provided warnings, sold, supplied, and or tested the Plaintiff's cell phone and its component parts, including, but not limited to, its Lithium-ion battery.

36. Defendant Samsung Electronics America, Inc.'s cell phone, and its component parts, including, but not limited to, its Lithium-ion battery is a consumer good.

37. Defendant Samsung Electronics America, Inc.'s cell phone and its component parts, including, but not limited to, its Lithium-ion battery is subject to an implied warranty of merchantability.

38. At the time of sale, due to its exploding nature, the Plaintiff's cell phone and its component parts, including, but not limited to, its Lithium-ion battery, was defective and did not comply with an implied warranty of merchantability in one or more of the following ways:

    a. It was not of fair average quality within its description.

    b. It was not fit for the ordinary purpose for which such good is used.

    c. It did not run of even kind or quality within each unit and among units involved with variations permitted by agreement.

    d. It did not conform to the promises or representations of fact made on its container or label.

39. The Plaintiff's injury, jointly and severally with all other Defendants, was a direct or proximate result of Defendant Samsung Electronics America, Inc.'s breach.

40. As a direct or proximate result of Defendant Samsung Electronics America, Inc.'s breach, jointly and severally with all other Defendants, the Plaintiff suffered and continues to suffer damages, including, but not limited to catastrophic, permanent, and severe injuries, a 13-day hospitalization, disability, disfigurement, second degree burns, third degree burns, scarring, surgery, and emotional trauma, past medical expenses, future medical expenses, lost wages, disability, loss of use of the body, loss of earning capacity, physical pain, and mental suffering,

WHEREFORE, the Plaintiff prays for relief that this Court award the Plaintiff (a) compensatory damages, in an amount to be determined at trial; (b) punitive damages, in an amount to be determined at trial; (c) pre-judge and post-judgment interest and any other costs, expenses,

or fees to which Plaintiff may be entitled by law; and (d) any other and further relief as is just and proper.

## COUNT II

## BREACH OF EXPRESS WARRANTY

## SAMSUNG ELECTRONICS AMERICA, INC.

41. Paragraphs 1 to 32 of this Complaint are incorporated herein.

42. Defendant Samsung Electronics America, Inc. advertises, assembles, designs, distributes, inspects, instructs, manufactures, promotes, provides warnings, sells, supplies, and or tests, its Samsung Galaxy S9+ in North Carolina.

43. Defendant Samsung Electronics America, Inc. advertised, assembled, designed, distributed, inspected, instructed, manufactured, promoted, provided warnings, sold, supplied, and or tested the Plaintiff's cell phone and its component parts, including, but not limited to, its Lithium-ion battery.

44. Defendant Samsung Electronics America, Inc. made express warranties including that its Samsung Galaxy S9+ and it component parts, including, but not limited to, its Lithium-ion battery, is free from defects in material and workmanship under normal use for one year.

45. The Plaintiff relied on Defendant Samsung Electronics America, Inc. express warranty in making the decision to purchase his cell phone.

46. Defendant Samsung Electronics America, Inc. breached its warranty because at the time of sale, due to its exploding nature, the Plaintiff's cell phone was defective.

47. The Plaintiff's injury, jointly and severally with all other Defendants, was a direct or proximate result of Defendant Samsung Electronics America, Inc.'s breach.

48. As a direct or proximate result of Defendant Samsung Electronics America, Inc.'s breach, jointly and severally with all other Defendants, the Plaintiff suffered and continues to suffer damages, including, but not limited to catastrophic, permanent, and severe injuries, a 13-day hospitalization, disability, disfigurement, second degree burns, third degree burns, scarring, surgery, and emotional trauma, past medical expenses, future medical expenses, lost wages, disability, loss of use of the body, loss of earning capacity, physical pain, and mental suffering,

WHEREFORE, the Plaintiff prays for relief that this Court award the Plaintiff (a) compensatory damages, in an amount to be determined at trial; (b) punitive damages, in an amount to be determined at trial; (c) pre-judge and post-judgment interest and any other costs, expenses, or fees to which Plaintiff may be entitled by law; and (d) any other and further relief as is just and proper.

## COUNT III

## NEGLIGENT DESIGN

## SAMSUNG ELECTRONICS AMERICA, INC.

49. Paragraphs 1 through 32 of this Complaint are incorporated herein.
50. Defendant Samsung Electronics America, Inc. advertises, assembles, designs, distributes, inspects, instructs, manufactures, promotes, provides warnings, sells, supplies, and or tests, its Samsung Galaxy S9+ in North Carolina.
51. Defendant Samsung Electronics America, Inc. advertised, assembled, designed, distributed, inspected, instructed, manufactured, promoted, provided warnings, sold, supplied, and or tested the Plaintiff's cell phone and its component parts, including, but not limited to, its Lithium-ion battery.

52. Defendant Samsung Electronics America, Inc. had a duty to use reasonable care in designing and or formulating the Samsung Galaxy S9+ and its component parts, including, but not limited to, its Lithium-ion battery.

53. Defendant Samsung Electronics America, Inc. breached that duty in one or more of the following ways:

   a. Designing and or formulating the Samsung Galaxy S9+ and its component parts, including, but not limited to, its Lithium-ion battery, with a maximum voltage rating greater than 4.35V.

   b. Designing and or formulating the Samsung Galaxy S9+ and its component parts, including, but not limited to, its Lithium-ion battery, in manner allowing it to explosion under normal, foreseeable use.

   c. Failing to properly test Samsung Galaxy S9+ and its component parts, including, but not limited to, its Lithium-ion battery.

   d. Failing to recall the Samsung Galaxy S9+, and its component parts, including, but not limited to, its Lithium-ion battery.

   e. Failing to inspect the Samsung Galaxy S9+ and its component parts, including, but not limited to, its Lithium-ion battery,

   f. Otherwise failing to design or formulate the Samsung Galaxy S9+ and its component parts, including, but not limited to, its Lithium-ion battery, as will be determined through discover and proven at trial.

54. The Plaintiff's injury, jointly and severally with all other Defendants, was a direct or proximate result of Defendant Samsung Electronics America, Inc.'s breach.

55. As a direct or proximate result of Defendant Samsung Electronics America, Inc.'s breach, jointly and severally with all other Defendants, the Plaintiff suffered and continues to suffer damages, including, but not limited to catastrophic, permanent, and severe injuries, a 13-day hospitalization, disability, disfigurement, second degree burns, third degree burns, scarring, surgery, and emotional trauma, past medical expenses, future medical expenses, lost wages, disability, loss of use of the body, loss of earning capacity, physical pain, and mental suffering,

WHEREFORE, the Plaintiff prays for relief that this Court award the Plaintiff (a) compensatory damages, in an amount to be determined at trial; (b) punitive damages, in an amount to be determined at trial; (c) pre-judge and post-judgment interest and any other costs, expenses, or fees to which Plaintiff may be entitled by law; and (d) any other and further relief as is just and proper.

## COUNT IV

## NEGLIGENT MANUFACTURE

## SAMSUNG ELECTRONICS AMERICA, INC.

56. Paragraphs 1 through 32 of this Complaint are incorporated herein.

57. Defendant Samsung Electronics America, Inc. advertises, assembles, designs, distributes, inspects, instructs, manufactures, promotes, provides warnings, sells, supplies, and or tests, its Samsung Galaxy S9+ in North Carolina.

58. Defendant Samsung Electronics America, Inc. advertised, assembled, designed, distributed, inspected, instructed, manufactured, promoted, provided warnings, sold, supplied, and or tested the Plaintiff's cell phone and its component parts, including, but not limited to, its Lithium-ion battery.

59. Defendant Samsung Electronics America, Inc. had a duty to use reasonable care throughout the manufacturing process of the Samsung Galaxy S9+ and its component parts, including, but not limited to, its Lithium-ion battery.

60. Defendant Samsung Electronics America, Inc. breached that duty in one or more of the following ways:

   a. Manufacturing the Plaintiff's Samsung Galaxy S9+ and its component parts, including, but not limited to, its Lithium-ion battery, in manner allowing it to explosion under normal, foreseeable use.

   b. Failing to properly test the Plaintiff's Samsung Galaxy S9+ and its component parts, including, but not limited to, its Lithium-ion battery.

   c. Failing to recall the Plaintiff's Samsung Galaxy S9+, and its component parts, including, but not limited to, its Lithium-ion battery.

   d. Failing to inspect the Plaintiff's Samsung Galaxy S9+ and its component parts, including, but not limited to, its Lithium-ion battery,

   e. Otherwise failing to us reasonable care in the manufacturing process of the Plaintiff's Samsung Galaxy S9+ and its component parts, including, but not limited to, its Lithium-ion battery, as will be determined through discovery and proven at trial.

61. The aforementioned defects were present in the Plaintiff's cell phone at the time it left Defendant Samsung Electronics America, Inc.'s control.

62. The Plaintiff's injury, jointly and severally with all other Defendants, was a direct or proximate result of Defendant Samsung Electronics America, Inc.'s breach.

63. As a direct or proximate result of Defendant Samsung Electronics America, Inc.'s breach, jointly and severally with all other Defendants, the Plaintiff suffered and continues to suffer damages, including, but not limited to catastrophic, permanent, and severe injuries, a 13-day hospitalization, disability, disfigurement, second degree burns, third degree burns, scarring, surgery, and emotional trauma, past medical expenses, future medical expenses, lost wages, disability, loss of use of the body, loss of earning capacity, physical pain, and mental suffering,

WHEREFORE, the Plaintiff prays for relief that this Court award the Plaintiff (a) compensatory damages, in an amount to be determined at trial; (b) punitive damages, in an amount to be determined at trial; (c) pre-judge and post-judgment interest and any other costs, expenses, or fees to which Plaintiff may be entitled by law; and (d) any other and further relief as is just and proper.

## COUNT V

## FAILURE TO WARN

## SAMSUNG ELECTRONICS AMERICA, INC.

64. Paragraphs 1 through 32 of this Complaint are incorporated herein.
65. Defendant Samsung Electronics America, Inc. advertises, assembles, designs, distributes, inspects, instructs, manufactures, promotes, provides warnings, sells, supplies, and or tests, its Samsung Galaxy S9+ in North Carolina.
66. Defendant Samsung Electronics America, Inc. advertised, assembled, designed, distributed, inspected, instructed, manufactured, promoted, provided warnings, sold, supplied, and or tested the Plaintiff's cell phone and its component parts, including, but not limited to, its Lithium-ion battery.

67. Defendant Samsung Electronics America, Inc. had a duty to provide adequate warnings or instructions.

68. Defendant Samsung Electronics America, Inc. breached that duty in one or more of the following ways:

    a. Failing to adequately warn or instruct about proper handling concerning explosion.

    b. Failing to adequately warn or instruct about unreasonably dangerous conditions that it knew or should have known about concerning explosion.

    c. Otherwise failing to adequately warn or instruct as will be determined through discovery and proven at trial.

69. Defendant Samsung Electronics America, Inc. failure to provide an adequate warning or instruction was unreasonable.

70. At the time the Plaintiff's cell phone left the Defendant Samsung Electronics America's control, it knew or should have been aware of its unreasonably dangerous condition.

71. The Plaintiff's injury, jointly and severally with all other Defendants, was a direct or proximate result of Defendant Samsung Electronics America, Inc.'s breach.

72. As a direct or proximate result of Defendant Samsung Electronics America, Inc.'s breach, jointly and severally with all other Defendants, the Plaintiff suffered and continues to suffer damages, including, but not limited to catastrophic, permanent, and severe injuries, a 13-day hospitalization, disability, disfigurement, second degree burns, third degree burns, scarring, surgery, and emotional trauma, past medical

13

expenses, future medical expenses, lost wages, disability, loss of use of the body, loss of earning capacity, physical pain, and mental suffering,

WHEREFORE, the Plaintiff prays for relief that this Court award the Plaintiff (a) compensatory damages, in an amount to be determined at trial; (b) punitive damages, in an amount to be determined at trial; (c) pre-judge and post-judgment interest and any other costs, expenses, or fees to which Plaintiff may be entitled by law; and (d) any other and further relief as is just and proper.

## COUNT VI

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

## SAMSUNG SDI AMERICA, INC.

73. Paragraphs 1 through 32 of this Complaint are incorporated herein.

74. Defendant Samsung SDI America, Inc.'s battery is a consumer good.

75. Defendant Samsung SDI America, Inc.'s. battery is subject to an implied warranty of merchantability.

76. Pursuant to 16 CFR § 1009.3, importers of foreign products are subject to the same responsibilities as domestic manufacturers.

77. At the time of sale, due to its exploding nature, the Plaintiff's cell phone battery was defective and did not comply with an implied warranty of merchantability in one or more of the following ways:

   a. It was not of fair average quality within its description.

   b. It was not fit for the ordinary purpose for which such good is used.

   c. It did not run of even kind or quality within each unit and among units involved with variations permitted by agreement.

    d. It did not conform to the promises or representations of fact made on its container or label.

78. The Plaintiff's injury, jointly and severally with all other Defendants, was a direct or proximate result of Defendant Samsung SDI America, Inc.'s breach.

79. As a direct or proximate result of Defendant Samsung SDI America, Inc.'s breach, jointly and severally with all other Defendants, the Plaintiff suffered and continues to suffer damages, including, but not limited to catastrophic, permanent, and severe injuries, a 13-day hospitalization, disability, disfigurement, second degree burns, third degree burns, scarring, surgery, and emotional trauma, past medical expenses, future medical expenses, lost wages, disability, loss of use of the body, loss of earning capacity, physical pain, and mental suffering,

WHEREFORE, the Plaintiff prays for relief that this Court award the Plaintiff (a) compensatory damages, in an amount to be determined at trial; (b) punitive damages, in an amount to be determined at trial; (c) pre-judge and post-judgment interest and any other costs, expenses, or fees to which Plaintiff may be entitled by law; and (d) any other and further relief as is just and proper.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for relief that this Court award the Plaintiff (a) compensatory damages, in an amount to be determined at trial; (b) punitive damages, in an amount to be determined at trial; (c) pre-judge and post-judgment interest and any other costs, expenses,

or fees to which Plaintiff may be entitled by law; and (d) any other and further relief as is just and proper.

Dated: January 11, 2022

                                        Respectfully submitted,

                                        ***/s/ Adam J. Langino***
                                        Adam J. Langino
                                        N.C. Bar No. 54438
                                        **COHEN MILSTEIN SELLERS**
                                            **& TOLL PLLC**
                                        407 N. Person Street
                                        Raleigh, NC 27601
                                        Telephone: (919) 890-0560
                                        Facsimile: (919) 890-0567
                                        alangino@cohenmilstein.com

16

Case 4:22-cv-00004-M   Document 1   Filed 01/11/22   Page 16 of 16